# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia



| In the Matter of the Search of | ) |
|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) Case No. 3:19-mj-00073 |
| Wireless Telephone more fully described in Attachment A (incorporated by reference). | ) ) ) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____Southern_____ District of _____West Virginia_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 846 and 843(b) | Conspiracy to distribute methamphetamine and using a communication facility in committing, causing, and facilitating a felony controlled substance offense |

The application is based on these facts:

See affidavit at Attachment C.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Antonio Ortega, SA, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: October 18, 2019

*Judge's signature*

City and state: Huntington, WV          Cheryl A. Eifert, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

The property to be searched is an Alcatel cellphone, model number Q55009A, IMEI number 357485095420420 (hereinafter "the "Device"). The Device is currently in the possession of the FBI at 113 Virginia Street East, Charleston, West Virginia, 25301.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of 21 U.S.C. §§ 846 and 843(b) and involve BRUCE ANGELI, including:

    a. lists of customers and related identifying information;

    b. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    c. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    d. any information recording ANGELI's schedule or travel;

    e. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

4. This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

ATTACHMENT C

AFFIDAVIT

STATE OF WEST VIRGINIA )
                       )
COUNTY OF CABELL       )

I, Antonio Ortega, being first duly sworn, do hereby depose and state that as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination an Alcatel cellphone, model number Q55009A, IMEI number 357485095420420, which is currently in law enforcement possession, and the extraction from that wireless telephone of electronically stored information described in Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation (hereinafter "FBI)", assigned to the Huntington, West Virginia, Resident Agency Office of the Pittsburgh Division. I have been employed as a Special Agent for the FBI since July 2018. I am currently tasked with investigating violations of federal law within the Southern District of West Virginia and elsewhere. As part of my duties, I have received training regarding the investigation of various federal crimes including, but not limited to, drug trafficking, complex

financial crimes, civil rights, and violent crimes. By virtue of my FBI employment, I perform and have performed a variety of investigative tasks, including conducting arrests and the execution of federal search warrants and seizures. As a Special Agent, I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7).

3. I have participated in the debriefing of defendants, witnesses, and informants, during which time I have discussed with them their methods of drug smuggling, distribution, packaging, trafficking, and laundering proceeds, among other concerns related to drug trafficking. I have discussed and learned from other law enforcement investigators in regards to these matters as well.

4. Based on my training, experience and conversations with other experienced narcotics investigators, I have gained experience in the techniques and methods used by drug traffickers to distribute controlled substances, their use of cellular phones and other electronic communication devices to facilitate their trafficking activity, and the methods used to conceal and launder the proceeds of said activity.

5. Throughout my law enforcement career, I have spoken with, worked with, and gained knowledge from numerous experienced federal, state, and local narcotics officers about drug traffickers and their use of cell phones to facilitate drug

trafficking by, for example, using code during their conversations. I have also received extensive instruction and practical training on intercepting communications and conducting coordinated surveillance while at the FBI Academy.

6. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officers, and witnesses. Summaries of recorded conversations are based on draft transcripts of those conversations. This Affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this investigation.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

7. The property to be searched is an Alcatel cellphone, model number Q55009A, IMEI number 357485095420420 (hereinafter "the Device"). The Device is currently in the possession of the FBI at 113 Virginia Street East, Charleston, West Virginia, 25301.

8. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

9. On May 16, 2019, a Title III intercept began of a telephone utilized by TIONTE BLANCHARD (hereinafter "BLANCHARD"). BLANCHARD is a methamphetamine and heroin dealer who has distributed large quantities of methamphetamine in this district. During the course of interceptions, it was discovered BLANCHARD was dealing drugs to ANGELI, the user of the Device which is a wireless telephone subscribed to ANGELI. ANGELI purchased methamphetamine from BLANCHARD in distribution quantities of an ounce or more on multiple occasions from May 16, 2019, to June 12, 2019, and used the Device to contact BLANCHARD to arrange the transactions. ANGELI also used the Device and offered to trade firearms to BLANCHARD in exchange for drugs on two occasions. In total, ANGELI was intercepted contacting BLANCHARD for drugs 187 times through voice calls and texts between May 16, 2019, and June 12, 2019.

10. For example, on June 8, 2019, at approximately 12:07 p.m., ANGELI contacted BLANCHARD on the Device. The following was discussed:

BLANCHARD:   Hello.

ANGELI:      Hey what's up buddy. You good? Are you good?

BLANCHARD:   What you want?

ANGELI:      I need, I need a half a zip.

|||
|---|---|
| BLANCHARD: | Hold on, let me call you right back. |
| ANGELI: | Okay call me right back. Let me know, thanks. |

11. Based on my training and experience, and the facts of the investigation thus far, this conversation is in regards to ANGELI attempting to purchase methamphetamine. BLANCHARD asks ANGELI what he would like to purchase, (What you want?). ANGELI tells BLANCHARD he would like to buy half an ounce of methamphetamine, (I need, I need a half a zip.). BLANCHARD then says he will call ANGELI back.

12. On September 24, 2019, a grand jury returned an indictment charging defendant with conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 and two counts of using a communication facility in committing, causing, and facilitating a felony controlled substance offense in violation of 21 U.S.C. § 843(b). A warrant was issued for ANGELI's arrest.

13. On September 25, 2019, the FBI executed the arrest warrant. The Device was in ANGELI's possession at the time of his arrest and was seized by investigators.

14. ANGELI's service for the Device has not changed, has been active since March 21, 2019, and was current as of September 5, 2019.

15. The Device is currently in storage at 113 Virginia Street East, Charleston, West Virginia, 25301. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the FBI.

## TECHNICAL TERMS

16. Based on my training and experience, I use the term "wireless telephone" to convey the following meanings: a wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and

accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

17. Based on my training and experience I know that the Device has capabilities that allow it to serve as a wireless telephone. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

### ELECTRONIC STORAGE AND FORENSIC ANALYSIS

18. Based on my knowledge, training, and experience, I know that the Device can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the Device. This information can sometimes be recovered with forensics tools.

19. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a. Data on a wireless telephone can provide evidence of a file that was once on a wireless telephone but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Forensic evidence on a wireless telephone can also indicate who has used or controlled the wireless telephone. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

b. A person with appropriate familiarity with how a wireless telephone works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how a wireless telephone was used, the purpose of its use, who used it, and when.

c. The process of identifying the exact electronically stored information on a wireless telephone that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a wireless telephone is evidence may depend on other information stored on the wireless telephone and the application of knowledge about how a wireless telephone behaves. Therefore, contextual information necessary

to understand other evidence also falls within the scope of the warrant.

    d. Further, in finding evidence of how a wireless telephone was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a wireless telephone.

20. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire Device, that might expose many parts of the Device to human inspection in order to determine whether it is evidence described by the warrant.

21. Because this warrant seeks only permission to examine the Device, which is already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

22. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device

described in Attachment A to seek the items described in Attachment B.

_____
Antonio E. Ortega, Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence this 18th day of October, 2019.

_____
CHERYL A. EIFERT
United States Magistrate Judge